Moss, Judge,
delivered the opinion of the court:
The plaintiff, Ullman Manufacturing Company, a corporation, was engaged in the business of manufacturing picture frames and publishing pictures and art printing. Fishel, Adler & Schwartz, which prior to 1910 was a partnership, had been engaged in the same character' of business. In December, 1910, plaintiff purchased at a bankruptcy sale the assets and business of said partnership for the sum of $35,000.00. In January, 1911, a corporation by the name of Fishel, Adler & Schwartz Company, Incorporated, was organized, and $35,000 of preferred stock and $35,000 of common stock were issued and delivered to plaintiff in payment for such assets.
On March 15, 1920, plaintiff filed a consolidated return of income and excess-profits for' the year 1919, claiming that the two concerns were affiliated companies within the meaning of section 240 (b) of the revenue act of 1918. The commissioner determined that the companies were not affiliated. Thereafter plaintiff filed with the commissioner what is called in the record an affiliated corporation questionnaire upon blanks furnished by the Bureau of Internal Revenue for the taxable years 1917, 1918, and 1919. Plaintiff was thereafter notified by letter from the acting Deputy Commissioner of Internal Revenue that upon the basis of the facts set forth in said questionnaire the companies were affiliated, and that a consolidated return should be filed for said years. Subsequently, on February 26, 1925, the commissioner determined that said companies were not affiliated, and an additional tax was assessed against plaintiff in the sum of $5,804.51. On appeal by plaintiff to the United States Board of Tax Appeals the ruling of the commissioner was approved. This action was instituted for the recovery of said sum.
It is plaintiff’s contention that the commissioner erred in holding that plaintiff and Fishel, Adler & Schwartz Company, Incorporated, were not affiliated within the meaning of section 240 of the act of 1918, and in refusing to compute *109 the tax upon the basis of a consolidated return. Plaintiff makes the further contention that the commissioner was without authority to reverse the ruling of his predecessor in office. The applicable provisions of the act of 1918 are as follows:
“Sec. 240. (a) That corporations which are affiliated within the meaning of this section' shall, under regulations to be prescribed by the commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title (Income Tax) and Title III (War Profits and Excess Profits Tax), and the taxes thereunder shall be computed and determined upon the basis of such return:
* * * * * * *
“(b) For the purposes of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or other's, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.”
Plaintiff company owned all of the preferred stock and 80 per cent of the common stock of the Fishel Company. The remaining 20 per cent of the common stock was given to A. A. Fishel, of the Fishel Company, as part compensation for his services as salesman for the new Fishel Company, with the agreement that in the event his connection with said company should be severed he would sell said stock to the plaintiff at a reasonable price. After' the acquisition of the assets and .business of the Fishel, Adler & Schwartz Company, same were removed to the headquarters of plaintiff company and at all times thereafter the businesses of the two companies were conducted in the building occupied by plaintiff, and were managed and controlled by the same officer's and directors, except that A. A. Fishel, who was a director' and secretary of the Fishel, Adler & Schwartz Company, had no official connection with the plaintiff company. The Fishel Company used the telephone service and exchange provided by plaintiff company without charge, and availed itself of its shipping facilities, also without charge. *110 Plaintiff’s salesmen obtained orders for the Fishel Company’s products, and likewise, the salesmen of the Fishel Company obtained orders for plaintiff’s products without any adjustment as to compensation. The Fishel Company, which had no financial credit, obtained, from time to time, needed loans on the credit, and by the endorsement, of plaintiff company. All incidental expenses such as light, heat, power, and elevator service, were paid by plaintiff. The only charge whatever' against the Fishel Company was a rental of $60 per month for the space occupied by it, and this was regarded by the parties as a nominal rent.
Under the terms of the act of 1918 no specified percentage of stock was necessary in order to bring a company within the operation of the statute. The language, “ substantially all the stock,” as well as the word, “ control,” as used in the statute, must be construed in accordance with the facts of the particular case. United States v. Whyel, 19 Fed. (2d) 260. See also article 633 of the Treasury Regulations. Fishel was a salaried employee of plaintiff company, and could have been peremptorily discharged at any time. He could not sell the stock which had been given to him, except to plaintiff company. The business of the two companies was not merely similar in character, but it was identical in all respects. It was under the same management and control, and all of the stock was actually controlled “ by the same interests.” The word, “ controlled,” mentioned in the statute, means actual control, “ regardless of whether or not it is based upon legally enforceable means.” Isse Koch & Co. Inc.'s Appeal, 1 B. T. A. 624.
The objection on the part of the defendant that the agreement to sell the stock to plaintiff’ was not a valid and enforceable contract because the terms were indefinite, and because same were not in writing, is not sound. The un-contradicted evidence establishes the existence of the agreement and the terms thereof, and also the fact that Mrs. Fishel, by agreement of all the parties, held said stock in trust for her husband. Defendant has cited no authority to the effect that such an agreement must be in writing. A “ reasonable price ” means in this case the fair market value of the stock, and that value was easily susceptible of proof. *111 Both parties recognized the validity of the contract, and the stock was actually sold to plaintiff at a price which was regarded as reasonable.
In an opinion by the Board of Tax Appeals in Century Music Publishing Co. v. Commissioner of Internal Revenue, decided June 15, 1928, in which three corporations were involved, it was said, “ in all the thirty years’ existence of these corporations they have been completely dominated, managed, and financed by Leo Feist. They were simply departments of the same business, viz., music publishing, which, for certain trade reasons, were conducted as separate corporate entities. The gifts of small amounts of stock to his brothers and employees, were plainly for the purposes of corporate organization, and as an inducement to greater interest on. the part of the employees. In all these years there has been, no diverse or antagonistic interest. The business was conducted as an economic and business unit, and the interests-of all were exactly the same.” (Our italics.) In commenting upon the contention by the commissioner that the 80 per cent ownership of the petitioner, Leo Feist, was not sufficient, the Board stated, “ but the fallacy in this is, that, the statute does not require ownership or control in one individual. Ownership or control of substantially all of the stock of two or more corporations, may rest in one or more individuals, or in a group of individuals, the only requirement being that they represent the same interests.” (Our italics.) In the case of Midland Refining Company, 2 B. T. A. 292, it was stated, “ a careful examination of the stock-holdings, and the relation existing between the various stockholders, shows that substantially.all of the stock is owned or-controlled by the same individuals. It seems to follow, naturally, if a group of individuals owns or controls substantially all of the stock of both corporations, and if such, ownership or control is by all exercised for one purpose,, namely, the joint success of the corporations, that these individuals meet the requirements of the words, “ the same interests.” In Appeal of the Kolynos Company, 4 B. T. A. 520, it was said, “ The officials and directors of the concerns, were the same persons, except as disclosed in the findings of *112 fact above. The stockholders were same. holders who owned stock in one, and not in the other, were closely drawn together by ties of blood, friendship and interests.” (Our italics.) These corporations were held to be affiliated.
It is clear an and others not appearing on the briefs, that the mere percentage of ownership is not decisive of the question of the application of the statute under discussion. The important factor is that of control “ by the same interests,” and that .means actual control.
We have reached the instant case plaintiff and the Fishel, Adler & Schwartz Company were affiliated concerns within the meaning of the statute, and as such were entitled to file consolidated returns. view of this conclusion it will not be necessary to determine whether or not the commissioner is without authority reverse the ruling of his predecessor in office on the question at issue here.
Plaintiff is entitled to judgment sum it is so adjudged and ordered.
Sinnott, Judge; GRAHAM, Judge; and Booth, Chief Justice, concur.
Green, Judge, concurs in the result.